We adhere to our opinion disposing of all problems presented and the motion for rehearing will be overruled.

## GRIFFIN v. STATE.
### No. 26055.

Court of Criminal Appeals of Texas.
Nov. 19, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

WOODLEY, Commissioner.

The conviction is for failure to stop and render aid as defined in Art. 1150, P.C.; the punishment, two years in the penitentiary.

The facts are essentially the same as found in Griffin v. State, Tex.Cr.App., 250 S.W.2d 223, wherein the conviction of appellant for murder under Art. 802c, Vernon's Ann.P.C., was reversed. As remarked in the opinion in that case, the evidence sustains the conviction for the offense here charged; that is, the failure of appellant to stop and render aid to the person struck and injured.

The reversal of the murder conviction makes it unnecessary that we pass upon the question of whether the conviction for murder could be successfully pleaded as a former conviction (or former jeopardy) in the subsequent prosecution for failure to stop and render aid to the victim of the murder, who had been struck and fatally injured.

No reversible error is found in the record.

The judgment is affirmed.

Opinion approved by the Court.

## FRAZEE v. STATE.
### No. 26058.

Court of Criminal Appeals of Texas.
Nov. 19, 1952.

No attorney on appeal.

George P. Blackburn, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to rape; the punishment, twelve years.

No statement of facts or bills of exception accompany the record.

The proceedings appearing regular and no error being apparent, the judgment of the trial court is affirmed.